# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

December 14, 2021

*VIA ECF*
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

> The parties' request is granted. The parties shall submit a joint letter by February 16, 2022 advising the Court regarding the status of the parties' settlement, including whether the parties intend to engage in further conferences with the assigned mediator. The Initial Pretrial Conference scheduled on December 21, 2021 and the December 14, 2021 deadline for the parties to submit the proposed case management plan is adjourned *sine die*.
>
> SO ORDERED.
>
> Date: December 14, 2021
>       New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge

Re: *A.M.M. et al. v. N.Y.C. Dep't of Educ., et al.*, 21-cv-7286 (JPC)

Dear Judge Cronan:

I represent the Plaintiffs in the above-referenced case and write jointly with counsel for the Defendants to respectfully request an adjournment of the initial conference currently scheduled for December 21, 2021 and a corresponding extension of time to submit a proposed Case Management Plan ("CMP"). ECF No. 14. Alternatively, the parties respectfully propose that they be allowed to submit a status report to the Court on or before February 16, 2022, if settlement negotiations are not finalized prior to that date.

**Overview of the Claims**

Plaintiff A.M.M. is the parent of A.M., a young man with autism. Due to his autism, A.M. required, and continues to require, 1:1 instruction using the principles of applied behavior analysis ("ABA") in order to receive a free and appropriate public education ("FAPE") as required by the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The parent alleges, *inter alia*, that the New York City Department of Education ("DOE"), Chancellor Meisha Porter and the New York City Board of Education ("BOE") (collectively "Defendants" or "DOE") failed to implement orders of administrative hearing officers and denied the student's right to stay-put services (also called "Pendency") under the IDEA, 20 U.S.C. §1415(j). Additionally, this action raises systemic claims and brings claims pursuant to the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and 29 U.S.C. §794 ("Section 504").

In 2017, Plaintiff A.M.M. filed a request for an administrative hearing under the IDEA concerning A.M.'s 2014-2015 through 2016-2017 school years. Defendants designated it as IH Case No. 165257. In August, 2018, A.M.M. received a final decision in Case No. 165257, which ordered, *inter alia*, Defendants to create an Individualized Education Plan ("IEP") for the 2018-2019 school year with the services A.M.M. requested for A.M. to receive a FAPE. Additionally, the final decision awarded A.M.M. compensatory banks of services. Plaintiff A.M.M. filed subsequent requests for administrative hearings concerning later school years, which the parties resolved pursuant to a Stipulation. Plaintiff is also the prevailing party with respect to a hearing concerning the 2020-2021 school year, where the hearing officer awarded Plaintiff continuation

of A.M.'s special education program, as delineated in the 2018 IEP pursuant to the favorable decision. For the 2021-2022 school year, the current school year, Plaintiff A.M.M. had to once again file a request for an administrative hearing in order for A.M. to receive a FAPE and the special education program repeatedly found necessary. This administrative hearing is currently pending.

In this action, Plaintiff A.M.M. claims that the Defendants failed to implement the favorable pendency and final orders, as well as the stipulation of settlement. Additionally, Plaintiffs raise systemic claims concerning Defendants' policies and practices (or lack thereof), and in particular Defendants' repeated failure to offer a special education program that provides A.M. a FAPE. Among other things, Plaintiffs seek declaratory and injunctive relief, equitable relief and compensatory education, as well as attorneys' fees. Defendants dispute Plaintiffs' claims generally and raised defenses in their Answer, which are incorporated by reference herein.

**Jurisdiction and Venue**

This Court has jurisdiction as Plaintiff raises federal claims under the IDEA, Section 504 and Section 1983. Venue is proper in the Southern District of New York as it is the judicial district in which Defendants are situated.

**Settlement**

Since October 2021, the parties have been engaging in settlement discussions independently in the hopes of being able to resolve the issues and claims without further litigation. To that end, Defendants have provided Plaintiff with a number of reports and updates concerning implementation of the orders and stipulation of settlement, the most recent of which Plaintiff is in the process of reviewing. The parties intend to continue discussing settlement amongst themselves and are optimistic that this case can be resolved via a negotiated settlement.

**Court-ordered Mediation**

On November 17, 2021, Your Honor referred this case to the Court's Mediation Program. ECF No. 15. On December 9, 2021, the parties had a case conference with the assigned mediator and informed him of the above status of settlement discussions and the below proposed plan moving forward, to which he was amenable. As the mediator requested during the December 9 call, the parties will provide a copy of this letter application to him in place of a Mediator Schedule that is presently due by December 27, 2021.

**Conclusion**

In light of the above, the parties respectfully request that the initial conference and corresponding CMP be adjourned *sine die*. The parties further propose submitting a status report in 60 days – no later than February 16, 2022. In the status report, if it is necessary, the parties will indicate whether a settlement conference with the assigned mediator is requested to continue progress toward settlement.

  This is the second request for an adjournment of the initial conference and corresponding extension of time to submit a proposed case management plan, and the first request was also made jointly.  ECF No. 12.  Your Honor granted the first request.  ECF No. 13.  Your Honor thereafter *sua sponte* adjourned the initial conference to its present date.  ECF. No. 14.  The adjournment time that the parties now request reflects additional time that may be needed due to the upcoming holidays for the parties to further explore an amicable resolution to this action.

  Thank you for Your Honor's consideration of this request.  We wish you and your staff a happy holidays.

                Respectfully Submitted,
                THE LAW OFFICE OF ELISA HYMAN, P.C.

              By: *Erin O'Connor*

                Erin O'Connor, Esq., Of Counsel
                *Counsel for Plaintiffs*

cc: Ian Forster, Esq., *Counsel for Defendants*, via ECF
  Eric W. Wiechmann, *Court Mediator,* via email